UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LAKISHA R. COLE,** )<br>)<br>  **Plaintiff,** )<br>)<br>v. )<br>)<br>**DOUGLAS A. COLLINS,** )<br>Secretary, Department of )<br>Veterans Affairs U.S., Agency, et al., )<br>)<br>  **Defendants.** ) | Case No. CIV-24-671-G |

# ORDER

On July 2, 2024, Plaintiff Lakisha R. Cole, appearing through counsel, filed this civil action. On March 28, 2025, the two attorneys representing Plaintiff sought leave to withdraw, stating that "there has been a breakdown of the attorney-client relationship" and that "a conflict of interest has arisen." Mot. to Withdraw (Doc. No. 26) at 1. They further represented that Plaintiff had consented to the withdrawal. No response to the Motion was filed within the time allowed by local rule.

On May 2, 2025, the Court granted Plaintiff's counsel's request to withdraw, subject to the condition that papers "shall continue to be served upon counsel for forwarding purposes until Plaintiff appears either by other counsel or pro se." Order of May 2, 2025 (Doc. No. 31) at 1. The Court's Order directed: "Plaintiff must, within fourteen (14) days from the date of entry of this Order, either appear through new counsel or file an entry of appearance notifying the Court that she is representing herself pro se." *Id.*

As of June 3, 2025, Plaintiff had not appeared, either through new counsel or pro se. The Court therefore ordered Plaintiff to show cause in writing, no later than June 16,

2025, why this matter should not be dismissed for failure to prosecute and failure to comply with the order of the Court. *See* Order to Show Cause of June 3, 2025 (Doc. No. 32). Plaintiff's former attorneys were directed to forward this Order to Plaintiff. *See id.* at 2. Plaintiff has not responded to the Order to Show Cause, sought additional time to do so, or otherwise been in contact with the Court.

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. *See* Fed. R. Civ. P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236; *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014).

Plaintiff's failure to prosecute this action and to comply with the Court's Orders leaves the Court unable "to achieve an orderly and expeditious" resolution of this action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

## CONCLUSION

Accordingly, this action is DISMISSED without prejudice. A separate judgment shall be entered.

IT IS SO ORDERED this 12th day of August, 2025.

_____
CHARLES B. GOODWIN
United States District Judge